IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TASHA ALISSA UNDERWOOD,** : | |
|     **Plaintiff,** : | |
| : | **CIVIL ACTION NO. 25-CV-0799** |
| **v.** : | |
| : | |
| **HABITAT FOR HUMANITY,** *et seq.*, : | |
|     **Defendants.** : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                    **AUGUST 18, 2025**

*Pro Se* Plaintiff Tasha Alissa Underwood asserts claims based on her interest in two properties in Philadelphia for which she was subject to eviction and ejectment proceedings. For the following reasons, the Court will dismiss Underwood's Amended Complaint and close this case.

**I.     FACTUAL ALLEGATIONS**

Tasha Underwood initiated this action by filing a "Notice Petition to Open Default Judgment of incapacitated Person of a legally seized estate" and a "Motion to Set Aside Judgment for Fraud on the Court," which, out of an abundance of caution, were filed on the docket as a "Complaint." (ECF No. 2 at 1-2.) By Order entered on March 13, 2025, the Court concluded that these documents were deficient as a complaint in a civil action and directed Underwood to file a proper complaint, consistent with the Federal Rules of Civil Procedure, if she wished to proceed with this case. (ECF No. 9.) The Court also granted Underwood leave to proceed *in forma pauperis*. (*Id*.) Underwood returned with a Complaint (ECF No. 11) and a "Petition to Set Aside Default Judgment's" (ECF No. 12). The Complaint named as Defendants: Habitat for Humanity; its CEO, Corrine O'Connell; Gleyton Gutierrez; and "Our Next

Apartment." (ECF No. 11.) Five days later Underwood filed an Amended Complaint, in which she named Habitat for Humanity, O'Connell, Gutierrez, "Unknown Occupant," and Effi Evitan. (ECF No. 13.)

As best as the Court can discern from her pleadings, Underwood requests the Court to intervene in a state court ejectment action.[1] The allegations contained in the "Statement of Claim" and "Relief" sections of Underwood's Amended Complaint are largely incomprehensible but vaguely reference her "interest" in properties at 4946-48 West Stiles Street and 4012 Old York Road (*see* ECF No. 13 at 4), and request that the Court "Set Aside [a] Sheriff's Sale" (*see id*. at 5).[2] In her Petition to Set Aside Default Judgment, Underwood alleges that she "erred" by filing an appeal with the wrong state court and now asks this court to "Set Aside Default Judgements," "void [her] eviction," and "issue [an] Order for quiet title." (*See* ECF No. 12 at 1.) She references a 2021 Petition to change her name and claims a clerk refused to accept a corrected deed, resulting in a "voided deed." (*Id*.) She also states that there were misrepresentations in the documents associated with the transfer of ownership but that she is the "primary beneficiary" to both the West Stiles Street and the Old York Road properties. (*Id*. at 1-

---

[1] The factual allegations are taken from the Amended Complaint, which is the governing pleading in this case (ECF No. 13). *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (explaining that "an amended pleading supersedes the original pleading" and that "the most recently filed amended complaint becomes the operative pleading" (citations omitted)); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) ("[L]iberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings."). The Court will also consider allegations contained in Underwood's "Petition to Set Aside Default Judgment." (ECF No. 12.) The Court adopts the pagination supplied by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are cleaned up where necessary.

[2] In her initial pleading filed in this case (*see* ECF No. 2), Underwood attached documents related to an ejectment action filed against her on September 13, 2024, by Habitat for Humanity in the Court of Common Pleas of Philadelphia County. *See Habitat for Humanity Philadelphia, Inc. v. Tippett Bay*, No. 240901449 (C.P. Phila.).

2

3.)  For relief, she requests over 14 million dollars and for the Court to "set aside [the] judgment," "void [the] sheriff sale," and "void [the] pending eviction."[3]  (*Id.*)

## II.   STANDARD OF REVIEW

As Underwood is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in Underwood's favor, and consider only whether the Complaint, construed liberally, "contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotation omitted), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Additionally, the Court must review any claims over which subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v.*

---

[3] In addition to the Amended Complaint and the Petition to Set Aside Default Judgment, Underwood also filed documents titled "Claim for Damage, Injury, or Death," against Habitat for Humanity and Gutierrez, wherein she purports to assert tort claims. (ECF Nos. 15-16, 18)  She also filed a "Claim for Damage, Injury, or Death" regarding alleged termination of service by Philadelphia Gas Works.  (ECF No. 17.)  Underwood also filed a Motion to Dismiss Foreclosure, Torts, Rent, Lease, and Ejectment Claim (ECF No. 20), which the Court understands to be another request for it to intervene in the state court ejectment action.

*Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time, [and] a court may raise jurisdictional issues *sua sponte*" (citations omitted)).  Because Underwood is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

While Underwood again has not clearly articulated a basis for her claims, part of the relief she requests—that the Court set aside the judgment in her state court ejectment proceeding and void the sheriff sale and pending eviction—is barred by the Anti-Injunction Act.  *See* 28 U.S.C. § 2283.  The Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'"  *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)).  "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,'" which are to be construed narrowly.[4]  *Id*. (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

Courts in the Third Circuit have consistently held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, Civ. A. No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa.

---

[4] The three exceptions to Anti- Injunction Act are not applicable here.  They permit a federal court to issue injunctions effectively staying state court proceedings when the injunction is (1) "expressly authorized by . . . Congress"; (2) "where necessary in aid of its jurisdiction"; and (3) "to protect or effectuate its judgments."  *In re Prudential Ins. Co.*, 314 F.3d at 103 (quoting 28 U.S.C. § 2283).

July 22, 2020) (citing cases); *Frankel v. Guzman*, Civ. A. No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting weight of authority in Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, Civ. A. No. 14-5055, 2014 WL 7051787, at *3 n.2 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action." (citation omitted)); *Frankel v. Kessler*, Civ. A. No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by Anti-Injunction Act). Because Underwood seeks to enjoin a state court ejectment action, her claims are barred by the Anti-Injunction Act.

Although Underwood also requests money damages and purports to assert state law tort claims, the Court cannot discern any plausible claim over which it has subject matter jurisdiction. In the absence of federal claims, the only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens of different states. Complete diversity is required, meaning Underwood would have to allege that she is a citizen of a state different from each of the Defendants. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). A non-profit corporation is a citizen of both its state of incorporation and principal place of business. *See SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 202 (3d Cir. 2022) (citations omitted). Underwood states that she is a citizen of Pennsylvania. (*See* ECF No. 13 at 3.) Although she

does not allege the citizenship of the Defendants, she provides Pennsylvania addresses for all four of them. (*See id*. at 2-3.) Accordingly, it appears that both Underwood and Defendants are citizens of Pennsylvania such that diversity jurisdiction does not exist over Underwood's state law claims.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss Underwood's Amended Complaint. Any claims for which Underwood seeks injunctive relief or Court intervention in her state court ejectment proceeding are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by the Anti-Injunction Act. Any state law claim Underwood asserts is dismissed without prejudice for lack of subject matter jurisdiction. Leave to amend will not be given, as amendment would be futile. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows dismissing this case.

**BY THE COURT:**

/s/ John R. Padova, J.

**JOHN R. PADOVA, J.**